No. 13,645.

Young et al. *v.* Cox
(40 P. [2d] 621)

Decided January 21, 1935.

Mr. Charles E. Friend, for plaintiffs in error.

Mr. Frank D. Taggart, for defendant in error.

*In Department.*

Mr. Chief Justice Butler delivered the opinion of the court.

In an action against Mrs. H. S. Young and Thomas W. Kelley, as sureties on a bond, Paul W. Cox recovered judgment for $302.43. Two causes of action are alleged.

The defendants' general demurrer to the complaint was overruled, the defendants stood upon their demurrer and judgment was entered against them.

1. The first count alleges, in substance, that Francis J. Young and Carlton C. Hermete were copartners conducting a general collection business; that, as required by statute, they executed a collection agent's bond, with the defendants as sureties; that the plaintiff entrusted to the partners some accounts "owed *by* him" to certain persons, who assigned their claims against the plaintiff to the partnership; that the plaintiff paid to the partners certain sums of money to be applied on account of said claims; and that the partners never paid that money to the creditors.

The statute, pursuant to which the bond was given, is Session Laws of 1927, chapter 77, amended by Session Laws of 1931, chapter 62, which in turn was amended by Session Laws of 1933, chapter 50. It provides: "It shall be unlawful for any person, firm or corporation engaged in the business of the solicitation of accounts for collection and the collection of accounts, to engage in said business without first giving bond to the People of the State of Colorado, * * * in the penal sum of five thousand dollars guaranteeing the faithful accounting by such person, firm or corporation for all moneys, and all property of value, collected upon accounts entrusted to such person, firm or corporation, for collection; which said bond, * * * shall be for the use and benefit of any, and all persons, firms or corporations who may suffer loss by reason of the wrongful conversion of such moneys, funds or other property of value by such person, firm or corporation; and any person, firm or corporation who shall so suffer loss by such wrongful conversion by any such person, firm or corporation, engaged in said business, may file suit upon said bond in his, their, or its own name, and without assignment thereof."

The bond was made a part of the complaint. The conditions are those prescribed by the statute.

The bond does not cover the plaintiff's claim. The plaintiff left no claim with the partners for collection. He merely paid money to them to apply on accounts assigned to them by creditors of the plaintiff. That being true, the payments reduced the amount of the plaintiff's indebtedness, and the plaintiff suffered no loss by reason of the fact that the partners failed to pay over the money to the creditors. If anyone was damaged by such failure, it was the creditors. The first count does not state a cause of action in favor of the plaintiff.

2. The second count alleges, in substance, that the partners employed C. W. Stark as collector on commissions; that he deposited $100 with them for the purpose of securing the safe accounting of all money collected for them by him; that after allowing all credits for money paid to Stark, $100 remained due and owing to him by them; and that Stark assigned to the plaintiff his claim therefor. It is obvious that such claim does not come within the conditions of the bond.

The judgment is reversed, and the cause is remanded to the district court, with the direction to dismiss the action.

Mr. Justice Hilliard and Mr. Justice Bouck concur.